IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **BRIAN FARABEE,** : | |
| : | |
| **Petitioner,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 2:16-cv-661** |
| : | |
| **HAROLD W. CLARKE, Director,** : | |
| **Virginia Department of Corrections,** : | |
| : | |
| **Respondent.** : | |

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Brian Farabee's ("Petitioner") Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. ECF No. 1. On September 13, 2017, Respondent Harold W. Clarke ("Respondent") filed a Motion to Dismiss the Petition. ECF No. 10. The Motion was referred for recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED** and the Petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE.**

1

## I. FACTUAL AND PROCEDURAL BACKROUND

Petitioner's relationship with the Virginia Department of Corrections ("VDOC") and the Commissioner of the Virginia Department of Behavioral Health and Developmental Services ("DBHDS") is long-standing. By the undersigned's review, Petitioner has been moved between state psychiatric institutions and VDOC facilities for nearly twenty years. The saga tracks its origins to May 3, 1999. On that day, in the Circuit Court of the City of Williamsburg and James City County, Virginia ("W&JCC Circuit Court"), Petitioner was adjudicated Not Guilty by Reason of Insanity ("NGRI") of an arson charge, whereupon he was remanded to the custody of the Commissioner of the Virginia Department of Behavioral Health and Developmental Services ("DBHDS") pursuant to Virginia Code § 19.2-182.3. *See Farabee v. Clarke, et al.*, Case No. 2:16-cv-268, ECF No. 57, attach. 3 at 1.[1] The W&JCC Circuit Court's civil commitment order and Petitioner's need for inpatient hospitalization is frequently reviewed: Virginia Code § 19.2-182.5 requires that when a person is committed to an inpatient hospital after being found NGRI, "the committing court shall conduct a hearing twelve months after the date of commitment to assess the need for inpatient hospitalization . . . at yearly intervals for five years and at biennial intervals thereafter." Va. Code Ann. § 19.2-182.5(a). Previously, on November 8, 2013, the W&JCC Circuit Court entered an Order recommitting Petitioner to the custody of the Commissioner of VDBHDS for inpatient hospitalization after finding Petitioner to be mentally ill and in need of continued hospitalization, pending further Order of Court. Case No. 2:16-cv-268, ECF No. 57, attach. 3 at 2.

---

[1] As detailed herein, Petitioner has filed multiple petitions for federal habeas relief in various cases, and the undersigned relies on the pertinent records from these other cases to develop the factual background underlying disposition of the Petition. *See Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that when considering a Motion to Dismiss, the Court "may properly take judicial notice of matters of public record . . .") (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)). Accordingly, the undersigned will take judicial notice of all filings in Petitioner's other federal habeas cases, including Case No. 2:15-cv-256 and Case No. 2:16-cv-268.

2

Since the 1999 adjudication, Petitioner has spent the majority of his confinement at Central State Hospital ("CSH"), with intermittent periods of incarceration in the custody of VDOC due to convictions he incurs, generally for assaulting nurses or staff, while at CSH. For instance, on November 8, 2000, Petitioner pleaded guilty to two counts of malicious wounding against CSH staff in the Circuit Court of Dinwiddie County, Virginia ("Dinwiddie Circuit Court"). Although the W&JCC Circuit Court previously adjudicated Petitioner as NGRI for his 1999 arson charges, and Petitioner was confined at a state mental health hospital (CSH) at the time he incurred the malicious wounding charges, the Dinwiddie Circuit Court found that Petitioner was competent to stand trial, accepted his plea of guilty, and on November 11, 2000, sentenced him to twenty (20) years of incarceration in VDOC, suspending all but three (3) years and four (4) months and placing him on supervised probation for an indefinite period of time. *Farabee v. Clarke*, Case No. 2:15-cv-256, ECF No. 32 at 4. In 2004, Petitioner was again convicted of malicious wounding in the Circuit Court of Sussex County, for which he was sentenced to ten years of incarceration on or about March 17, 2004. Case No. 2:15-cv-256, ECF No. 71, attach. 7. Thus, when Petitioner is not confined in the VDOC serving an active criminal sentence, he is otherwise committed to the custody of the Commissioner of VDBHDS, based on the frequently reviewed 1999 civil commitment Order of the W&JCC Circuit Court.

In 2015, Petitioner was charged with assault and battery and destruction of property. On April 29, 2015, the Dinwiddie Circuit Court issued a show cause order to Petitioner alleging that he violated the conditions of good behavior by assaulting CSH staff members in the spring of 2015, and to demonstrate why his probation should not be revoked. Case No. 2:15-cv-256, ECF No. 71, attach. 1. The order was served on Petitioner on May 12, 2015 while Petitioner was a patient at CSH. Case No. 2:16-cv-268, ECF No. 57, attach. 3 at 1, 8. Approximately a week

later, Petitioner filed his first state habeas petition with the Supreme Court of Virginia on May 20, 2015. Therein, Petitioner challenged his confinement pursuant to the Dinwiddie Circuit Court revocation proceedings. Case No. 2:16-cv-268, ECF No. 57, attach. 3 at 1. The Supreme Court of Virginia would later dismiss this first state habeas petition on December 15, 2016. Case No. 2:15-cv-256, ECF No. 71, attach. 4.[2]

On June 16, 2015 and July 19, 2015, the Dinwiddie Circuit Court ordered that a competency evaluation be performed on Petitioner, which was performed by Dr. Evan S. Nelson. Case No. 2:16-cv-268, ECF No. 57, attach. 3 at 1. On August 12, 2015, the Dinwiddie Circuit Court found Petitioner to be competent to proceed with the revocation proceeding. Case No. 2:16-cv-268, ECF No. 57, attach. 3 at 1. Pursuant to the August competency finding, on September 10, 2015, Petitioner was transported from CSH to Western State Hospital ("WSH"). Case No. 2:16-cv-268, ECF No. 57, attach. 3 at 2. Upon the Dinwiddie Commonwealth's Attorney's discovery of Petitioner's 2004 malicious wounding conviction in Sussex County, the prosecution apparently filed a supplemental letter with the Dinwiddie Circuit Court advising of the same, and Petitioner was transferred from WSH to Meherrin River Regional Jail ("MRRJ") on or about October 14, 2015, and was ordered to remain there until his Dinwiddie Circuit Court revocation hearing on November 20, 2015. *See* Case No. 2:15-cv-256, ECF No. 71, attach. 10 (October 13, 2015 Second Addendum/Amendment/Supplement). *See also* Case No. 2:16-cv-268, ECF No. 57, attach. 3 at 2.

At the November 20, 2015 revocation hearing, Petitioner was represented by appointed counsel, Ms. Linda H. Tomlin ("Revocation Counsel"). Case No. 2:15-cv-256, ECF No. 71, attach. 8 (November 20, 2015 Hearing Transcript). Ultimately, the Dinwiddie Circuit Court found that Petitioner had violated the terms of his previously suspended sentences by virtue of

---

[2] Petitioner's efforts to obtain habeas relief through the state courts are further detailed in Part I.B, *infra*.

his March 2004 conviction for malicious wounding in Sussex County. Case No. 2:15-cv-256, ECF No. 71, attach. 8 at 28-29. *See also* Case No. 2:16-cv-268, ECF No. 57, attach. 3 at 2. In the Dinwiddie Circuit Court's November 23, 2015 Revocation Order ("the Revocation Order"), the Court revoked Petitioner's previously suspended sentences, and re-suspended ten years on both sentences, ordering Petitioner to serve an active sentence of six (6) years and eight (8) months on each sentence, to be served concurrently. Case No. 2:16-cv-268, ECF No. 57, attach. 3 at 2. Petitioner appealed the Revocation Order to the Court of Appeals of Virginia, which was eventually denied on September 29, 2016, but Petitioner did not seek further review of the Revocation Order by appealing to the Supreme Court of Virginia.

Instead, Petitioner proceeded to file multiple petitions for a writ of habeas corpus in both state and federal courts. Because the procedural background of this case is integral to the Court's disposition thereof, the undersigned will now proceed with a chronology of Petitioner's various endeavors to obtain habeas relief:

A. Federal Habeas Petitions (Case Nos. 2:15-cv-256, 2:16-cv-268, and 2:16-cv-661)

   *1. Case No. 2:15-cv-256*

On June 12, 2015, Petitioner filed a petition in Case No. 2:15-cv-256, essentially challenging the lawfulness of his revocation proceeding. Case No. 2:15-cv-256, ECF No. 1. The following is a summary of the claims upon which Petitioner sought habeas relief pursuant to Section 2254 in such petition:

   1. Court orders to imprison Petitioner, removing him from the custody of the Commissioner of VDBHDS are void and unlawful because his order of commitment expressly states that he shall remain in inpatient hospitalization;
   2. Incarceration by the Dinwiddie Circuit Court violates Petitioner's rights against double jeopardy and his Fifth Amendment due process rights;

3. The state cannot simultaneously confine Petitioner in the state mental health system under the Commissioner's custody while he is in jail under VDOC's custody;
4. Confining Petitioner in jail under the custody of the VDOC violates the Eighth Amendment's cruel and unusual punishment clause (and his Due Process rights) because the VDOC does not have the medical or mental health resources to care for Petitioner;
5. Petitioner's probation officer made inaccurate statements as a basis to revoke his 2000 suspended sentence in her April 29, 2015 violation report to the Dinwiddie Circuit Court;
6. Petitioner was denied the right to effective assistance of counsel throughout the 2015 revocation process because
   a. Petitioner's attorney did not move to dismiss the probation violation charge or move to exclude inadmissible evidence;
   b. The Dinwiddie Circuit Court erred in denying Petitioner's Motion for Appointment of Substitute Counsel;
   c. Petitioner's Revocation Hearing Counsel was ineffective for not bringing false statements contained in the Probation Violation Report to the Dinwiddie Circuit Court's attention;
7. Counsel appointed to represent Petitioner in the November 20, 2015 revocation hearing had a conflict of interest and abandoned Petitioner's case in violation of Petitioner's right to counsel and his right to due process;
8. Judge Robert O'Hara, the Dinwiddie Circuit Court judge assigned to preside over Petitioner's 2015 probation revocation hearing had a conflict of interest because he presided over one of Petitioner's revocation hearings in 2003, and Petitioner filed complaints to the Judicial Inquiry and Review Commission against Judge O'Hara;
9. The suspended sentence imposed on Petitioner in 2000 is unconstitutional because he is actually innocent of the charges due to his inability to knowingly and intelligently understand the proceedings against him;
10. Petitioner is actually innocent of the 2000 malicious wounding charges.

Case No. 2:15-cv-256, ECF No. 1.[3] The undersigned originally found that the petition in Case

No. 2:15-cv-256 was a "mixed" petition because Petitioner had failed to exhaust all of his claims

---

[3] When Petitioner originally filed the petition in Case No. 2:15-cv-256, three Respondents were named, including the Director of VDOC, the Commissioner of VDHBS, and the Superintendent of Meherrin River Regional Jail. Case No. 2:15-cv-256, ECF No. 1. These original Respondents filed respective Motions to Dismiss (Case No. 2:15-cv-256, ECF Nos. 10, 14), and the matter was referred to the undersigned for recommended dispositions. In the first Report and Recommendation, filed June 26, 2016, the undersigned recommended dismissal of the petition with

6

in the state courts, and therefore recommended dismissal with prejudice as to the Superintendent and the Commissioner and dismissal without prejudice as to the Director of VDOC to allow Petitioner to refile the Petition after exhausting his claims in state court. Case No. 2:15-cv-256, ECF No. 36. The District Court adopted the undersigned's recommendation, but dismissed the matter with prejudice as to all three Respondents and denied reconsideration of the same. Case No. 2:15-cv-256, ECF No. 42. Petitioner appealed to the Fourth Circuit, arguing that the District Court erroneously dismissed this first 2254 Petition with prejudice as to the Director of VDOC. Case No. 2:15-cv-256, ECF Nos. 46, 51. The Fourth Circuit agreed and vacated the District Court's Final Order dismissing the entire matter with prejudice and the Order denying reconsideration of the same, and remanded the matter back to the District Court for reconsideration. Case No. 2:15-cv-256, ECF Nos. 54-56.

Pursuant to the Fourth Circuit's remand instructions, on May 16, 2017, the District Court entered an Order adopting and approving the findings and recommendations "set forth in the Report and Recommendation of the Magistrate Judge filed June 24, 2016" and also ordered that

> the Petition, ECF No. 1, against the Superintendent and the Commissioner be DISMISSED WITH PREJUDICE; and that the Motion to Dismiss filed by the VDOC, ECF No. 10, be GRANTED and the Petition against the VDOC be DENIED and DISMISSED WITHOUT PREJUDICE, allowing Petitioner to refile a petition in this Court after exhausting his claims through the state court system.

Case No. 2:15-cv-256, ECF No. 57 at 5. On June 15, 2017, Petitioner filed a Motion to Consolidate Cases (ECF No. 59) and another Motion for Reconsideration (ECF No. 60) in Case No. 2:15-cv-256. That same day Petitioner also filed what appeared to constitute a "conditional" Notice of Appeal because it included Petitioner's caveat that "Petitioner does express hereby his

---

prejudice as to the Superintendent of Meherrin River Regional Jail and the Commissioner of the VDHBS, and without prejudice as to the Director of VDOC. *See* Case No. 2:15-cv-256, ECF No. 36.

7

intent to withdraw this Notice of Appeal if the Court grants his accompanying Motion for Reconsideration." Case No. 2:15-cv-256, ECF No. 61.

On June 21, 2017, the Fourth Circuit advised that because Petitioner simultaneously filed a Motion for Reconsideration (ECF No. 60) and a Notice of Appeal (ECF No. 61), the Fourth Circuit would "treat the notice of appeal as filed as of the date the district court disposes of such motion [for reconsideration] and will docket the appeal following disposition of the motion," and requested that the Fourth Circuit be notified "upon entry of an order disposing of the motion." Case No. 2:15-cv-256, ECF No. 63 at 1.

On October 2, 2017, the District Court, finding that Petitioner had since exhausted all relevant habeas claims, entered an Order granting Petitioner's Motion for Reconsideration (ECF No. 60) regarding "the portion of the Court's May 16, 2017, Final Order that dismisses Petitioner's claims against the VDOC without prejudice" and directed Respondent to respond to the Petition, and to specifically identify which claims, if any, were duplicated in this case. Case No. 2:15-cv-256, ECF No. 68 at 3.[4] Thus, every claim raised in the Petition in this case (Case No. 2:16-cv-661) is still pending before this Court.

On October 18, 2017, and pursuant to the Court's October 2, 2017 Order in Case No. 2:15-cv-256, (ECF No. 68), Respondent filed a Second Motion to Dismiss and Memorandum in Support, Rule 5 Answer, and *Roseboro* Notice. Case No. 2:15-cv-256, ECF Nos. 69-72. On November 6, 2017, Petitioner filed an Opposition to Respondent's Second Motion to Dismiss. Case No. 2:15-cv-256, ECF No. 75. Respondent did not file a Reply and the time for doing so

---

[4] On February 15, 2018, the Fourth Circuit notified Petitioner that it withheld docketing of his Notice of Appeal pending the District Court's ruling on his Motion for Reconsideration, and observed that on October 2, 2017, the District Court granted such Motion. Case No. 2:15-cv-256, ECF No. 82. Accordingly, the Fourth Circuit advised Petitioner that he could voluntarily dismiss the appeal in light of the October 2, 2017 Order. Case No. 2:15-cv-256, ECF No. 82. It appears that Petitioner made no effort to voluntarily dismiss the appeal, and on June 19, 2018, the Fourth Circuit dismissed the appeal "for failure to prosecute pursuant to Local Rule 45." Case No. 2:15-cv-256, ECF No. 85.

expired. On July 3, 2018, the undersigned entered a Report and Recommendation that recommended granting Respondent's Second Motion to Dismiss, and denying and dismissing the Petition in its entirety. *See* Case No. 2:15-cv-256, ECF No. 87.

However, while the Fourth Circuit's consideration of Petitioner's appeal in Case No. 2:15-cv-256 was pending, Petitioner filed two additional federal petitions for habeas corpus relief in, Case No. 2:16-cv-268 and in the instant case, Case No. 2:16-cv-661. The former was a petition filed pursuant to Section 2241 on June 7, 2016 and purported to challenge the conditions of Petitioner's confinement as opposed to mounting a collateral attack on the underlying conviction and/or sentence.[5] The latter was the Petition at issue in this Report and Recommendation filed pursuant to Section 2254.

*2. Case No. 2:16-cv-268*

In the petition filed in Case No. 2:16-cv-268, Petitioner raised the following claims:

1. Petitioner is being held by VDOC in violation of the Due Process Clause;
2. Petitioner is being imprisoned in VDOC in violation of the Double Jeopardy Clause;
3. Petitioner has a Due Process right to be treated in a facility managed by VDBHDS;
4. Petitioner's placement with VDOC violates the Americans with Disabilities Act ("ADA");
5. the Dinwiddie Circuit Court exceeded its authority in violating the W&JCC Circuit Court Order requiring Petitioner to remain in inpatient hospitalization;
6. The Revocation Order of Dinwiddie Circuit Court violates Petitioner's right to be notified of the nature and cause of the offense against him and his Revocation Hearing Counsel never informed Petitioner of the nature and cause of the amended probation violation that resulted in Petitioner's suspended sentence being revoked[6];

---

[5] In Case No. 2:16-cv-268, Petitioner filed a total of sixteen grounds. The first four grounds were included in the June 7, 2016 petition (ECF No. 1) and the remaining eleven grounds were included by virtue of an Amended/Supplemental Petition (ECF No. 12) dated October 17, 2016. *See* Case No. 2:16-cv-268, ECF Nos. 1, 12.

[6] Petitioner appears to refer to this offense as the 2004 malicious wounding charge in Sussex County. *See* Case No. 2:16-cv-268, ECF No. 12 at 3 n.1.

9

7. Petitioner's sentence arose out of an invalid guilty plea for offenses of which he is actually innocent because it was Petitioner who was attacked and the alleged victim, a CHS employee, was "breaking up the [f]ray;"
8. Petitioner's confinement in VDOC violates the Eighth Amendment's ban on cruel and unusual punishment because Petitioner has a liberty interest in receiving treatment for his medical needs, and "[t]he treatment of specific modality clinically recommended for [P]etitioner is only available in a hospital of [VDBHDS] and is unavailable in [VDOC], which has been recommended to treat his serious mental illness and suicidality [sic];"
9. Petitioner's confinement in VDOC violates Petitioner's Due Process Rights because he is not receiving required treatment for his mental illness and is being subjected to "constant isolation, bodily restraint, and other deprivations [and] restrictions on freedoms of everyday life;"
10. The state of Virginia has no punitive interest in confining Petitioner in VDOC because he is insane and may not be incarcerated as a criminal;
11. Petitioner's sentence and commitment in VDOC violates his right to a Speedy Trial because the November 20, 2015 Dinwiddie Circuit Court Revocation Order revoked his revocation based on an offense (Sussex County malicious wounding) he was convicted of in 2004;
12. The Dinwiddie Count Circuit Court's Revocation Order contains patently false information rendering Petitioner's confinement in VDOC unconstitutional;
13. Petitioner's confinement in VDOC violates his due process rights because he is still under an active commitment Order from W&JCC Circuit Court;
14. Petitioner is actually innocent of the malicious wounding offense;
15. Petitioner's sentence in the Dinwiddie Circuit Court arose out of guilty pleas that are invalid and unlawfully obtained because Petitioner was on high doses of antipsychotic and other mind-altering drugs when he was being tried for and entered the guilty pleas in Dinwiddie Circuit Court; and
16. Petitioner was denied his right to effective assistance of counsel at the November 2015 Revocation Hearing because the attorney that was appointed to represent Petitioner had previously had a conflict of interest in representing Petitioner, Petitioner had previously filed complaints against the attorney with the Virginia State Bar, and the attorney did not confer with Petitioner and advise him of the charges against him prior to the Revocation Hearing.

Case No. 2:16-cv-268, ECF No. 12 at 1-16.[7] After filing the Section 2241 Petition on June 7, 2016 in Case No. 2:16-cv-268, and *prior* to resolution of his first Section 2254 Petition in Case No. 2:15-cv-256, Petitioner filed a second Section 2254 petition in this Court on November 17, 2016 in Case No. 2:16-cv-661 ("the Petition"). *See* ECF No. 1. The Petition is the subject of the instant Report and Recommendation.

*3. Case No. 2:16-cv-661*

In the Petition at issue in this case, Petitioner raised the following grounds for federal habeas relief:

1. The Dinwiddie Circuit Court was without jurisdiction to supersede the commitment order of W&JCC Circuit Court;
2. Petitioner's commitment to VDOC violated the Double Jeopardy Clause;
3. The criminal commitment order was ultra vires;
4. Petitioner's right to notice of the charge against was violated;
5. Petitioner has been falsely imprisoned;
6. Petitioner's due process rights have been violated by his confinement in a penal institution;
7. Petitioner has been subjected to cruel and unusual punishment;
8. Petitioner's due process rights have been violated by his confinement in a penal institution;
9. Petitioner's placement within VDOC violates the Americans with Disabilities Act;
10. Petitioner's placement with VDOC violates equal protection;
11. Petitioner is actually innocent;
12. Petitioner's 2000 guilty pleas were invalid and violated due process and his challenge is not procedurally barred because he is actual innocent of the charges;
13. Petitioner's due process rights have been violated by his confinement in a penal institution;
14. Petitioner's sentence and confinement violate his right to a speedy trial;
15. Petitioner's attorney at the probation revocation hearing was ineffective because: (a) She had a conflict of interest; (b) She did not prepare a defense; (c) She did not argue or present a case that Petitioner was incompetent; (d) She did properly present Petitioner's appeal;

---

[7] This petition was disposed of via an Amended Report and Recommendation dated February 12, 2018, and adopted by the District Court in a Final Order dated May 15, 2018. *See* Case No. 2:16-cv-268, ECF Nos. 67 (Amended R&R), 84 (Final Order).

      16. The Dinwiddie Circuit Court violated Petitioner's due process rights by refusing to hear his *pro se* motions;
      17. A decision favorable to the Petitioner would be good public policy.

Case No. 2:16-cv-661, ECF No. 1. As Respondent noted in the Memorandum in Support of the Second Motion to Dismiss filed in Case No. 2:15-cv-256, the instant Section 2254 Petition is the second of its kind and duplicates all of the claims asserted in the Section 2254 petition in Case No. 2:15-cv-256, except that the petition in Case No. 2:15-cv-256 raises three additional claims (Claims 5, 6(c), and 8) that are not included in the instant Petition. *See* Case No. 2:15-cv-256, ECF No. 71 at 6. Therefore, the undersigned considered the merits of all the claims presented in Case No. 2:15-cv-256, and indicated that it would recommend disposing of the wholly duplicative claims asserted in the instant Petition as a Second or Successive Petition. *See* Case No. 2:15-cv-256, ECF No. 87. *See also* 28 U.S.C. § 2244(b)(3)(A) (explaining that the Court may entertain a second or successive § 2254 petition only after the petitioner "move[s] in the [Fourth Circuit] for an order authorizing th[is] [ ] [C]ourt to consider the application."); *Brown v. Clarke*, No. 2:12-CV-654, 2013 WL 12147761, at *1 (E.D. Va. June 18, 2013) ("In the absence of pre-filing authorization [from the Fourth Circuit], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims," and the application must be dismissed.") (quoting *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000))).

    On September 13, 2017, Respondent filed a Motion to Dismiss the Petition, Memorandum in Support, Rule 5 Response, and a *Roseboro* Notice. ECF Nos. 9-12. Petitioner filed a Response in Opposition (ECF No. 15) on October 10, 2017, a Supplemental Response in Opposition (ECF No. 16) on October 19, 2017, and a Second Supplemental Response in

Opposition (ECF No. 18) on October 27, 2017.[8]  Accordingly, the Motion to Dismiss (ECF No. 10) is ripe and ready for recommended disposition, which the undersigned does so without a hearing.

B. <u>State Habeas Corpus Petitions</u>

Shortly after receiving the Dinwiddie Circuit Court's Show Cause Order for revocation proceedings, Petitioner filed his first state habeas petition with the Supreme Court of Virginia on May 20, 2015. Therein, Petitioner challenged his confinement pursuant to the Dinwiddie Circuit Court revocation proceedings. Case No. 2:16-cv-268, ECF No. 57, attach. 4 at 1-2. The Supreme Court of Virginia would later dismiss this first state habeas petition on December 15, 2016. Case No. 2:15-cv-256, ECF No. 71, attach. 4.

On November 2, 2016, Petitioner filed a second state habeas petition with the Supreme Court of Virginia, challenging the legality of his confinement pursuant to the Revocation Order upon which the Supreme Court of Virginia determined to be seventeen (17) grounds including:

1. The court did not have power to sentence him to VDOC;
2. Petitioner's sentence to VDOC violates the Double Jeopardy Clause;
3. Petitioner's sentence is ultra vires;
4. The probation violation judgment violated the Petitioner's right to notice of the charge;
5. The show cause order was based on patently false information;
6. Petitioner's commitment to VDOC violated Due Process;
7. Petitioner's confinement and sentence constitute cruel and unusual punishment;
8. Petitioner's confinement and sentence violate due process;
9. Petitioner's confinement and sentence violate the Americans with Disabilities Act;
10. Petitioner's confinement and sentence violate equal protection;
11. Petitioner is actually innocent of the underlying charge of malicious wounding;

---

[8] The undersigned notes that both the First Supplemental Response in Opposition (ECF No. 16) and the Second Supplemental Response in Opposition (ECF No. 18) were filed without first seeking leave of Court. Notwithstanding Petitioner's failure to comport with local and federal procedural rules, the undersigned's disposition of Petitioner's Motion to Stay or for Extension of Time (ECF No. 14) deemed both of Petitioner's supplemental responses timely filed and considered the same in generating this Report and Recommendation. *See* Part IV, *infra*.

    12. Petitioner's guilty pleas to the original charges violated due process;
    13. Petitioner's confinement with DOC violates Due Process;
    14. Petitioner's confinement and sentence violate the speedy trial statute;
    15. Petitioner's counsel was ineffective at the November 20, 2015 revocation hearing;
    16. Dinwiddie Circuit Court violated Due Process by not hearing Petitioner's *pro se* motions;
    17. Petitioner's credit for time served was not properly calculated.

*See* Case No. 2:15-cv-256, ECF No. 71, attach. 5. On July 17, 2017, the Supreme Court of Virginia granted the Department of Corrections' Motion to Dismiss, and ultimately dismissed Petitioner's second state habeas petition. Case No. 2:15-cv-256, ECF No. 71, attach. 6.

## II. DISCUSSION

### A. Failure to Obtain Authorization to File a Successive Federal Petition

Pursuant to 28 U.S.C. § 2244(b), a federal district court may entertain a second or successive § 2254 petition only after the petitioner "move[s] in the [Fourth Circuit] for an order authorizing th[is] [] [C]ourt to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without authorization, the court is devoid of jurisdiction to consider the claims, and the petition must be dismissed. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000)).

Undoubtedly, Petitioner's instant Petition is numerically his second federal habeas petition filed pursuant to Section 2254; "[h]owever, it is settled law that not every numerically second petition is a 'second or successive' petition." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). For instance, a habeas petition dismissed for failure to exhaust does not count for purposes of determining whether a subsequent petition is successive. *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000)). To be considered a second or successive petition, the first habeas petition must have been dismissed on the merits. *Williams*, 444 F.3d at 485-89. Notably, dismissal via procedural default is considered by the Fourth Circuit to be a dismissal on

14

the merits. *Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir. 2002) (joining the Second, Fifth, Sixth, Ninth, and Tenth Circuit's in holding a dismissal for procedural default to be on the merits), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011).

Accordingly, this Court's prior recommendation to dismiss Petitioner's previous habeas petition in Case No. 2:15-cv-256 as both procedurally defaulted and substantively meritless constitutes a decision on the merits for purposes of considering the instant Petition as second or successive. *See* Case No. 2:15-cv-256, ECF No. 87.

As previously recounted, while at least two federal habeas petitions were pending (in Case Nos. 2:15-cv-256 and 2:16-cv-268), Petitioner again petitioned for a writ of habeas corpus in this Court by filing the Petition. All of the claims in this Petition were asserted in Case No. 2:15-cv-256. Before submitting another federal habeas petition, however, Petitioner must first obtain authorization from the Fourth Circuit to file a second or successive habeas petition, as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(b)(3)(A). Without authorization from the Fourth Circuit, this Court has no discretion to address the merits of Petitioner's recycled claims and must dismiss the Petition on this basis alone, without prejudice to Petitioner's subsequent attempt to receive authorization. 28 U.S.C. §§ 2244(b)(1), (4). Therefore, the undersigned **FINDS** that the Petition is a second or successive habeas petition filed without authorization from the Fourth Circuit. Petitioner may present his claims for consideration only after obtaining an order from the Fourth Circuit authorizing him to do so.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED** and the Petition, ECF No. 1 be **DENIED AND**

**DISMISSED WITHOUT PREJUDICE** to Petitioner's right to refile another petition only if and when he receives authorization from the United States Court of Appeals for the Fourth Circuit.

## IV. OUTSTANDING MOTIONS

There are also several outstanding Motions filed by Petitioner that require resolution. These Motions include the following:

### 1. *Motion to Stay the Proceedings (ECF No. 13)*

On September 20, 2017, Petitioner filed a Motion to Stay the Proceedings in this matter and in the related habeas matter, Case No. 2:15-cv-256, so that Petitioner could obtain counsel. ECF No. 13. *See also* Case No. 2:15-cv-256, ECF No. 66. In the District Court's October 2, 2017 Order granting Petitioner's Motion for Reconsideration, the District Court delegated responsibility for disposing of the Motion to Stay to the undersigned. *See* Case No. 2:15-cv-256, ECF No. 68 at 5 ("After receiving Respondent's answer, the Magistrate Judge shall determine, in the first instance, whether to grant or deny Petitioner's motion requesting a stay of further proceedings in this case and in 2:16cv661. Unless and until a stay is granted, Petitioner is personally responsible for submitting any reply brief he wishes to file in this case."). Upon consideration of Petitioner's Motion to Stay (ECF No. 13), the record of this case, and the fact that over nine months has elapsed since Petitioner filed the Motion to Stay and Petitioner has not retained an attorney, and filed no less than three *pro se* reply briefs to Respondent's Motion to Dismiss, *see* ECF Nos. 15, 16, 18, Petitioner's Motion to Stay the Proceedings (ECF No. 13) is **DENIED.**[9]

---

[9] The undersigned made a similar ruling regarding the disposition of this motion in Case No. 2:15-cv-256. *See* Case No. 2:15-cv-256, ECF No. 87 at 32.

16

*2. Motion to Stay or for Extension to Respond to Motion to Dismiss (ECF No. 14)*

On September 27, 2017, Petitioner filed a Motion to Stay or for Extension to Respond to the Motion to Dismiss filed by Respondent. ECF No. 14. Therein, Petitioner sought additional time to respond to Respondent's Motion to Dismiss because Petitioner's current institution of incarceration had restricted Petitioner's access to writing utensils. ECF No. 14. The deadline for Petitioner to file his Response to the Motion to Dismiss was October 16, 2017. Petitioner filed his first Response in Opposition to the Motion to Dismiss (ECF No. 15) on October 10, 2017 (within the deadline), rendering Petitioner's request for an extension unnecessary. Petitioner also filed both a First and Second Supplemental Response in Opposition to the Motion to Dismiss, on October 19, 2017 (ECF No. 16) and on October 27, 2017 (ECF No. 18). In the absence of objection from Respondent, and for good cause shown, Petitioner's Motion for Extension (ECF No. 14) is **GRANTED** insofar as his First and Second Supplemental Responses will be deemed timely filed, and **DENIED** insofar as Petitioner requests a stay of the proceedings.

*3. Motion to Consolidate Cases (ECF No. 21)*

On November 21, 2017, Petitioner filed a Motion to Consolidate the instant case with Petitioner's other Section 2254 petition in Case No. 2:15-cv-256. ECF No. 21. In disposing of an identical Motion filed in Case No. 2:15-cv-256, the District Court declined such a request, finding that the interests of clarity would not be served by consolidating. *See* Case No. 2:15-cv-256, ECF No. 68 at 4 ("Accordingly, at this stage in the proceedings, granting consolidation would appear to create more confusion regarding briefing deadlines than it would benefit judicial economy. Petitioner's motion to consolidate is therefore DENIED as the present state of the parallel actions fails to demonstrate that consolidation of the instant action with 2:16cv661

would assist in the resolution of either case."). For the same reasons articulated by the District Court in Case No. 2:15-cv-256, Petitioner's Motion to Consolidate (ECF No. 21) is **DENIED**.

*4. Motion for Docket Sheet (ECF No. 25)*

On March 1, 2018, Petitioner filed a Motion for a Docket Sheet citing his inability to access the Court without the information contained therein. ECF No. 25. For good cause shown, Petitioner's Motion for Docket Sheet (ECF No. 25) is **GRANTED**, and the Clerk is **DIRECTED** to include a copy of a current docket sheet when transmitting a copy of this Report and Recommendation to Petitioner.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 6, 2018